UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RANDY MICHAEL PEREZ**                                            **CIVIL ACTION**

**VERSUS**                                                                        **NO. 21-0048**

**NANCY MILLER, ET AL.**                                         **SECTION: "J"(1)**

### REPORT AND RECOMMENDATION

Plaintiff, Randy Michael Perez, a Louisiana state prisoner, filed this *pro se* federal civil rights action pursuant to 42 U.S.C. § 1983.[1] In this lawsuit, he sued Louisiana Twenty-Fourth Judicial District Court Judge Nancy Miller and Deputy Clerk of Court Heather Camardelle. After he was denied pauper status, he paid the required filing fee.

Judge Miller filed a motion to dismiss.[2] Plaintiff was ordered to file a response to that motion on or before August 11, 2021.[3] No response was filed.

Deputy Clerk Camardelle then likewise filed a motion to dismiss.[4] Plaintiff was also ordered to file a response to that motion.[5] Again, no response was filed.

Plaintiff has, however, filed a motion for a preliminary injunction,[6] a "Motion for Service of Process by United States Marshal,"[7] and two motions to amend the complaint.[8]

For the following reasons, the defendants' motions should be **GRANTED** and plaintiff's motions should be **DENIED**.

---

[1] Rec. Docs. 4 and 13.
[2] Rec. Doc. 16.
[3] Rec. Doc. 17.
[4] Rec. Doc. 18.
[5] Rec. Doc. 19.
[6] Rec. Doc. 6.
[7] Rec. Doc. 21.
[8] Rec. Docs. 20 and 27.

**Plaintiff's Complaint**

Plaintiff has filed a voluminous, rambling complaint concerning two issues. First, he rails against what he views as improper governmental control over the production, distribution, and use of marijuana and hemp. Second, he challenges both his conviction for carnal knowledge of a juvenile and the related decision to revoke the probation originally imposed for that conviction. Although the connection of the drug-policy allegations to his claims regarding his sex-crime conviction is somewhat vague in the complaint, the connection becomes more apparent when viewed in light of what was established in a substantially similar lawsuit plaintiff previously filed in this Court, Civ. Action No. 19-10767.[9]

In that prior case, plaintiff claimed that his rights were violated in connection with his 2014 state criminal proceedings, his 2016 probation revocation proceedings, and his 2019 parole hearing. Suing the Louisiana Twenty-Fourth Judicial District Court, the State of Louisiana, the Louisiana Department of Public Safety and Corrections, the Louisiana Board of Pardons and Parole Committee, "New Orleans Probation/Parole," "New Orleans Sex Crimes," and the Plaquemines Parish Detention Center, he made the following allegations:

> On March 17, 2014, plaintiff, pursuant to a plea bargain, pleaded guilty in the Louisiana Twenty-Fourth Judicial District Court to carnal knowledge of a juvenile. He was given a ten-year suspended sentence and placed on five years active probation.
> In 2016, plaintiff failed a drug test. As a result, his probation was revoked, and the ten-year sentence was made executory. He believes that it was unfair to revoke his probation for a drug violation because state officials were aware that he had previously been in the medical marijuana trade in Colorado.
> In March of 2019, plaintiff sought and was denied parole.
> … [P]laintiff … was denied post-conviction relief in the state district court.
> … [H]e did not seek relief in the Louisiana Supreme Court.

---

[9] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

Perez v. Twenty-Fourth Judicial District Court, Civ. Action No. 19-10767, 2020 WL 556047, at *1 (E.D. La. Jan. 10, 2020).

After conducting a Spears hearing[10] in that case, United States Magistrate Judge Dana M. Douglas recommended that plaintiff's federal civil rights claims be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who was immune from such relief.  She further recommended that plaintiff's claims for federal habeas corpus relief be dismissed because he failed to exhaust his remedies in the state courts.  United States District Judge Jay C. Zainey adopted those recommendations, dismissed plaintiff's federal civil rights claims with prejudice, and dismissed his federal habeas corpus claims without prejudice.  Perez v. Twenty-Fourth Judicial District Court, Civ. Action No. 19-10767, 2020 WL 550768 (E.D. La. Feb. 4, 2020).  Plaintiff did not appeal.

Plaintiff thereafter filed another similar lawsuit regarding the marijuana laws, his criminal conviction, and other matters in the United States District Court for the Middle District of Louisiana.  In that lawsuit, he sued Governor John Bel Edwards and James M. LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections.  That lawsuit fared no better, in that his federal claims were likewise dismissed with prejudice as frivolous and for failure to state a claim.  Perez v. Edwards, Civ. Action 20-29, 2021 WL 930287 (M.D. La. Feb. 23, 2021), adopted, 2021 WL 922062 (M.D. La. Mar. 10, 2021).  Although plaintiff appealed, that appeal was ultimately dismissed for want of prosecution.  Perez v. Edwards, No. 21-30152 (5th Cir. June 3, 2021).

---

[10] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Plaintiff has now returned to this Court, once again asserting his contentions about what he views as misguided drug policies and challenging the validity of his criminal conviction and probation revocation.

**Motion to Dismiss Filed by Judge Miller**

Judge Miller has filed a motion arguing that dismissal of the claims against her is warranted on numerous grounds.[11]

Judge Miller first argues that plaintiff's claims against her should be dismissed under Federal Rule of Civil Procedure 12(b)(5). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." Holly v. Metropolitan Transit Authority, 213 F. App'x 343, 344 (5th Cir. 2007); accord Calhoun v. City of Houston Police Department, 855 F. App'x 917, 919 (5th Cir. 2021).

Plaintiff paid the full filing fee in this matter, and it was then incumbent on him to effect proper service on the defendants. Fed. R. Civ. P. 4(c)(1). As Judge Miller notes in her motion, this Court previously ordered plaintiff to "file proof into the record that he has effected service upon the defendants in this lawsuit or show good cause for his failure to effect service."[12] He responded to that order by stating that he had served the defendants by certified mail.[13] However, as Judge Miller correctly notes, that does not constitute proper service.

The United States Fifth Circuit Court of Appeals has explained that service may be effected in a variety of ways:

> Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve the defendant with process by (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or

---

[11] Rec. Doc. 17.
[12] Rec. Doc. 12, p. 1.
[13] Rec. Docs. 14 and 15.

usual place of abode with someone of suitable age and discretion who resides there;" (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process;" or (4) by following state law. FED. R. CIV. P. 4(e).

Calhoun, 855 F. App'x at 921. However, regardless of the method utilized, a limitation is clear: a plaintiff may not effect service **himself**. On the contrary, the Federal Rules expressly state: "Any person who is at least 18 years old and **not a party** may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

Even if service by mail were otherwise proper, a proposition which Judge Miller disputes,[14] the fact that plaintiff attempted service himself is alone fatal. See, e.g., Constien v. United States, 628 F.3d 1207, 1213-14 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail. Although one could question the wisdom of this requirement, see 4B Charles A. Wright & Arthur R. Miller, Federal Procedure & Practice § 1106 n. 15 (3d ed. 2002), the rule contains no mailing exception to the nonparty requirement for service. And the limited history surrounding the relevant rules provisions confirms this reading."); Hailey v. Blackman, Case No. 1:18-cv-464, 2020 WL 1250399, at *2 (W.D. Mich. Feb. 11, 2020) ("The fact that plaintiff used the prison mail system does not transform his personal mailing into third-party service."), adopted, 2020 WL 1248617 (W.D. Mich. Mar. 16, 2020); Reading v. United States, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) ("Rule 4 is not so wide in scope as to encompass the notion of a plaintiff (even one proceeding *pro se*) effectuating service by Certified Mail via the Post Master General …. The court can find no authority … for the proposition that Congress ever contemplated carving a loophole into the procedural rules to permit a plaintiff to serve a defendant by indirectly effectuating service through the postal service." (quotation marks and brackets omitted)).

---

[14] See Rec. Doc. 16-1, pp. 3-4.

Nevertheless, it does not necessarily follow that plaintiff's error regarding service must result in dismissal of his claims against Judge Miller. On the contrary, a federal district court "enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." George v. U.S. Department of Labor, 788 F.2d 1115, 1116 (5th Cir. 1986). Moreover:

> Although a plaintiff's *pro se* status is not a license to ignore the Federal Rules of Civil Procedure, *pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process. Consistent with that principle, courts often decline to dismiss a *pro se* plaintiff's case for defective service without first affording the plaintiff the opportunity to correct any errors he or she may have made.

Johnson-Richardson v. University of Phoenix, 334 F.R.D. 349, 357 (D.D.C. 2020) (citations, quotation marks, and ellipsis omitted). Therefore, "given the Fifth Circuit's policy of leniency towards *pro se* plaintiffs," it is sometimes appropriate to allow a *pro se* plaintiff an additional opportunity to effect service properly after his first attempt proves inadequate. Lee v. Deutsche Bank National Trust Co., Civ. Action No. 18-2887, 2019 WL 1057015, at *3 (E.D. La. Mar. 6, 2019) (Barbier, J.).

Here, as noted, plaintiff desires to remedy his error in this case by having proper service effected on his behalf by the United States Marshal, and he moves the Court to issue such an order.[15] The Federal Rules make clear that the Court has the authority to issue such an order but is required to do so only "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Fed. R. Civ. P. 4(c)(3). Plaintiff does not fall within either of those two categories. Moreover, as a matter of discretion, the Court should decline to issue such an order in this case because doing so would only delay the inevitable – even if Judge Miller is properly served, the claims against her would still be subject to dismissal on the

---

[15] Rec. Doc. 21.

alternative grounds she identifies in her motion. Therefore, it is recommended that the motion to dismiss simply be granted on those alternative grounds as follows.

As an initial matter, Judge Miller correctly argues that any claims against her in her official capacity for monetary damages are subject to dismissal under Rule 12(b)(1). Under that rule, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Ramming, 281 F.3d at 161 (citations omitted).

Because Judge Miller is a judge of the Louisiana Twenty-Fourth Judicial District Court, she is a Louisiana state official protected by the Eleventh Amendment. See, e.g., Price v. Irons, Civ. Action No. 19-11451, 2020 WL 1638376, at *3 (E.D. La. Apr. 2, 2020) ("A suit … against a Louisiana state court judge in his or her official capacity is a suit against a state official and barred by the Eleventh Amendment."), aff'd, 832 F. App'x 904 (5th Cir. 2021), cert. denied, 142 S. Ct. 161 (2021). "By statute, Louisiana has refused any ... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A)." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 281 (5th Cir. 2002). Where, as here, "the Eleventh Amendment applies, [federal] courts lack subject-matter jurisdiction over the claim." Bryant v. Texas Department of Aging and Disability Services, 781 F.3d 764, 769 (5th Cir. 2015). Therefore, any official-capacity claims asserted against Judge Miller for monetary damages are barred by the Eleventh Amendment, and so dismissal of those claims under Rule 12(b)(1) is appropriate. See Price, 2020 WL 1638376, at *3.

Likewise, no relief is available to plaintiff under 42 U.S.C. § 1983 with respect to any other claims asserted against Judge Miller. As was thoroughly explained by former United States Magistrate Judge Joseph C. Wilkinson in a Report and Recommendation subsequently adopted by United States District Judge Lance M. Africk:

> For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citing Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).
> 
> In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.
> 
> The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F.Supp.2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against [a state judicial officer]. Tesmer v. Granholm, 114 F.Supp.2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F.Supp.2d at 210.
> 
> Furthermore, to whatever extent, if any, that [a plaintiff] seeks an order … directing the judge to take action concerning [the] plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-

8

> 3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S.Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). [A federal] court is without authority to order officials of the state court having jurisdiction over [a] plaintiff's criminal case to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Hood v. Commissioner Foil, Civ. Action No. 15-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013); accord Gemelli v. Louisiana, Civ. Action No. 19-13424, 2020 WL 3317033, at *6-7 (E.D. La. Apr. 29, 2020), adopted, 2020 WL 3297078 (E.D. La. June 18, 2020). Therefore, because plaintiff's claims against Judge Miller concern actions taken within the scope of her role as a state judicial officer, they cannot proceed under 42 U.S.C. § 1983.

Accordingly, for the foregoing reasons, Judge Nancy Miller's motion to dismiss should be **GRANTED** and the claims against her should be **DISMISSED**.

**Motion to Dismiss Filed by Deputy Clerk of Court Heather Camardelle**

Deputy Clerk Camardelle has likewise filed a motion arguing that dismissal of the claims against her is warranted on numerous grounds.[16]

For example, Camardelle also asserts a similar argument that dismissal is appropriate because she has not been properly served. For the reasons already explained with respect to Judge Miller, service was not in fact effected in a proper manner. But, again, the Court should not appoint the United States Marshal to effect proper service on Camardelle on plaintiff's behalf, because, even with proper service, the claims against Camardelle still ultimately fail for following reasons.

In the complaint, plaintiff makes no specific allegations against Camardelle by name; at best, he complains about actions "the defendants" seemingly collectively took in the course of his

---

[16] Rec. Doc. 17.

state criminal proceedings. However, Camardelle enjoys immunity (either absolute or qualified) for any of her actions in those proceedings.

Once again, an opinion by former United States Magistrate Judge Joseph C. Wilkinson is instructive. In a Report and Recommendation subsequently adopted by United States District Judge Jane Triche Milazzo, Magistrate Judge Wilkinson explained:

> "Court clerks 'have absolute immunity ... for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" Burnett v. Denman, 368 F. App'x 603, 604 (5th Cir. 2010) (quoting Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981)). "Court clerks enjoy qualified immunity for those routine duties not explicitly commanded by either court decree or judicial instruction." Id. "Judicial immunity extends to those officials whose acts are functionally equivalent to that of a judge, and quasi-judicial immunity shields lower officials, such as clerks, who implement judicial orders." Murphy v. Marten, 2006 WL 4043201, at *2 (E.D. La. Aug. 23, 2006) (citing Boston v. Lafayette County, 744 F.Supp. 746, 750 (N.D. Miss. 1990) (citations omitted), aff'd, 933 F.2d 1003 (5th Cir. 1991)) (quotations omitted).

Gemelli v. Louisiana, Civ. Action No. 19-13424, 2020 WL 3317033, at *9 (E.D. La. Apr. 29, 2020), adopted, 2020 WL 3297078 (E.D. La. June 18, 2020).

Here, plaintiff has not specified whether Camardelle's actions (whatever they may be, which, again, he has failed to identify) were ones taken at Judge Miller's direction or were instead simply the types of actions routinely taken by a deputy clerk of court without express direction from a judge. Nevertheless, if they were the former, then Camardelle is clearly entitled to absolute immunity, and no more need be said. On the other hand, if they were the latter, then she has expressly invoked qualified immunity – and, for the following reasons, qualified immunity is in fact warranted.

"The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." Cope v. Cogdill, 3 F.4th 198, 204 (5th Cir. 2021) (quotation marks omitted). "As the qualified immunity defense has

10

evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

Where, as here, a defendant has asserted qualified immunity in a motion to dismiss, "[t]he crucial question is whether the complaint pleads facts that, if true, would permit the inference that [defendant is] liable under § 1983 and would overcome [her] qualified immunity defense. It is the plaintiff's burden to demonstrate that qualified immunity is inappropriate." Terwilliger v. Reyna, 4 F.4th 270, 280 (5th Cir. 2021) (citation, quotation marks, and ellipsis omitted). Specifically:

> When a defendant invokes qualified immunity, the burden shifts to the plaintiff to plead specific facts to overcome the defense. To discharge this burden, plaintiffs must successfully allege that the defendants violated a statutory or constitutional right, and that the right was "clearly established" at the time of the challenged conduct. To be "clearly established" for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what [she] is doing violates that right.

Id. at 284 (citations, quotation marks, and brackets omitted).

The Court can easily dispose of the claims against Camardelle on that "clearly established" prong of the qualified immunity analysis. Regarding that prong, the United States Fifth Circuit Court of Appeals has explained:

> We are bound by the restrictive analysis of "clearly established" set forth in numerous Supreme Court precedents. A right is "clearly established" if it is "one that is sufficiently clear that every reasonable official would have understood that what [she] is doing violates that right." Mullenix v. Luna, 577 U.S. 7, 11, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) (per curiam) (internal quotation marks and citation omitted). Courts must not "define clearly established law at a high level of generality"; instead, their "inquiry must be undertaken in light of the specific context of the case." Id. at 12, 136 S.Ct. 305 (internal quotation marks and citations omitted). Therefore, unless existing precedent "squarely governs" the conduct at issue, an official will be entitled to qualified immunity. See Brosseau v. Haugen, 543 U.S. 194, 201, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (per curiam); Mullenix, 577 U.S. at 12, 136 S.Ct. 305 (emphasizing that "[t]he dispositive question is whether the violative nature of particular conduct is clearly established" (internal quotation marks and citation omitted)).
> Generally, to satisfy this standard, the plaintiff must "identify[ ] a case in which an officer acting under similar circumstances was held to have violated the

> [Constitution], and ... explain[ ] why the case clearly proscribed the conduct of that individual officer." Joseph *ex rel.* Estate of Joseph v. Bartlett, 981 F.3d 319, 345 (5th Cir. 2020) (concluding the defendants were entitled to qualified immunity because the plaintiffs failed to identify an analogous case). While an exact case on point is not required, the confines of the officers' violation must be "beyond debate." Baldwin v. Dorsey, 964 F.3d 320, 326 (5th Cir. 2020) (internal quotation marks and citation omitted), cert. denied, ⸺ U.S. ⸺, 141 S. Ct. 1379, 209 L.Ed.2d 123 (2021) (mem.). Broad general propositions are not enough to overcome qualified immunity. Id.

Cope v. Cogdill, 3 F.4th 198, 204-05 (5th Cir. 2021)

On the "clearly established" prong of the qualified immunity analysis, "[t]he critical consideration is 'fair warning': the specific right must have been defined with sufficient clarity to enable a reasonable official to assess the lawfulness of [her] conduct." Trevino v. Hinz, 751 F. App'x 551, 554 (5th Cir. 2018) (quotation marks omitted). In other words, "[a] clearly established right is one that is sufficiently clear that every reasonable official would have understood that **what [she] is doing** violates that right." Mullenix v. Luna, 577 U.S. 7, 11-12 (2015) (emphasis added; quotation marks omitted).

Here, again, plaintiff has not identified precisely **what Camardelle personally did** which he believes violated his rights. Therefore, obviously, he has not identified a case or body of case law finding that such actions (whatever they were) have been held to be unconstitutional in similar circumstances. Accordingly, Camardelle is entitled to qualified immunity.

Accordingly, for the foregoing reasons, Deputy Clerk of Court Heather Camardelle's motion to dismiss should be **GRANTED** and the claims against her should be **DISMISSED**.

## Motion for a Preliminary Injunction

Plaintiff has filed a motion for a preliminary injunction.[17] Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can

---

[17] Rec. Doc. 6.

receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

For the reasons explained *supra*, plaintiff's claims are subject to immediate dismissal. Therefore, he cannot show that there is a substantial likelihood that he will succeed on the merits of those claims, and, accordingly, his motion for a preliminary injunction should be denied.

## Motions to Amend

Plaintiff has also filed two motions to amend the complaint, one to add a new prayer for relief and the other to add additional defendants.[18] Both should be **DENIED**.

In the first motion, plaintiff seeks to amend his complaint to also seek habeas corpus relief pursuant to 28 U.S.C. § 2254. However, that proposed amendment would be futile for two reasons.

First, the proper respondent with respect to an application for habeas corpus relief is the prisoner's custodian, and plaintiff's proposed amendment does not name his custodian as a defendant/respondent as required. See 28 U.S.C. § 2242 ("Application for a writ of habeas corpus … shall allege … the name of the person who has custody over him and by virtue of what claim

---

[18] Rec. Docs. 20 and 27.

or authority, if known."); Rules Governing Section 2254 Cases in the United States District Courts, Rule 2 ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

Second, and even more important, plaintiff simply is not currently entitled to habeas corpus relief. Federal law generally requires that a petitioner exhaust his remedies in the state courts **before** seeking federal habeas corpus relief. 28 U.S.C. § 2254(b)(1). Regarding that requirement, the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (footnote, citations, quotation marks, and brackets omitted). The exhaustion requirement is normally satisfied only if the petitioner previously presented his claims for relief to the **state's highest court** in a **procedurally proper manner** according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Plaintiff has not done that.

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). Although petitioner has filed three writ applications with the Louisiana Supreme Court, all three were rejected because they were not procedurally proper: State v. Perez, 309 So. 3d 734

14

(La. 2021) ("Writ application not considered. Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review. La.S.Ct.R. X § 5(b)."), reconsideration denied, 323 So. 3d 868 (La. 2021); State v. Johnson and Perez, 321 So. 3d 961 (La. 2021) ("Writ application not considered - Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review. La.S.Ct.R. X § 5(b)."); State v. Perez, 321 So. 3d 963 (La. 2021) ("Writ application not considered - Petitioner has not demonstrated that he sought review in the court(s) below before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review. La.S.Ct.R. X § 5(b)."). Because the Louisiana Supreme Court has never been afforded a fair opportunity to pass upon his habeas claims, plaintiff has not yet exhausted his remedies in the state courts and, therefore, is not entitled to federal habeas corpus relief on those claims.

In his second motion to amend, he seeks to add two new defendants: the State of Louisiana and the United States. Neither proposed defendant would be proper.

Any claim against the State of Louisiana is precluded by the Eleventh Amendment. The Eleventh Amendment bars a state's citizens from filing suit against the state in the federal courts unless the state has waived its immunity, and, as noted *supra*, "Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 281 (5th Cir. 2002). Therefore, adding the State of Louisiana as a defendant would be an act of futility.

Naming the United States as a defendant would be equally futile. Not only does plaintiff fail to make any allegations against the United States government or its officials, the United States

15

is not a proper defendant in a § 1983 action in any event. See Jackson v. United States, No. 95-30387, 1995 WL 581898, at *1 (5th Cir. Sept. 22, 1995) ("[I]n an action instituted under 42 U.S.C. § 1983 the proper defendants would be the law enforcement officials or other state actors rather than the United States Government."); Kemppainen v. United States, No. A-14-CV-493, 2014 WL 2515701, at *2 (W.D. Tex. June 4, 2014) ("Kemppainen's lawsuit is also frivolous because he is attempting to bring this lawsuit against the United States, which is not a proper defendant in a § 1983 lawsuit."); Scott v. United States Veteran's Administration, 749 F. Supp. 133, 134 (W.D. La. 1990) ("[S]ection 1983 does not provide a forum to redress actions taken by the United States government or its agencies under federal law. These entities are not 'persons' that can be sued under the statute, and actions of the federal government are 'facially exempt' from section 1983."), aff'd, 929 F.2d 146 (5th Cir. 1991).

Courts may deny leave to amend where the proposed amendments are futile. Gezu v. Charter Communications, 17 F.4th 547, 554 (5th Cir. 2021); accord Whitaker v. McDonald, No. 20-40569, 2022 WL 68972, at *2 (5th Cir. Jan. 6, 2022) ("[E]ven assuming *arguendo* that [plaintiff] had a right to amend his complaint …, see Fed. R. Civ. P. 15(a), a district court need not grant a futile motion to amend." (quotation marks omitted)). Because all of plaintiff's proposed amendments are futile, his motions to amend should be **DENIED**.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's "Motion for Service of Process by United States Marshal," Rec. Doc. 21, be **DENIED**.

It is **FURTHER RECOMMENDED** that the motion to dismiss filed by Judge Nancy Miller, Rec. Doc. 16, be **GRANTED**, that the claims against her in her official-capacity for

monetary damages be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction, and that the remaining claims against her be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that the motion to dismiss filed by Deputy Clerk of Court Heather Camardelle, Rec. Doc. 18, be **GRANTED** and that the claims against her be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's motion for a preliminary injunction, Rec. Doc. 6, be **DENIED**.

It is **FURTHER RECOMMENDED** that plaintiff's motions to amend the complaint, Rec. Docs. 20 and 27, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___1st___ day of February, 2022.

                                                  _____
                                                  **JANIS VAN MEERVELD**
                                                  **UNITED STATES MAGISTRATE JUDGE**